## BOLDEN v. GEORGIA RAILROAD AND BANKING COMPANY.

LUMPKIN, P. J. 1. As the plaintiff's alleged right to recover depended entirely upon the presumption of negligence raised by law against the defendant company, and as this presumption was fully overcome, and rebutted by the undisputed evidence introduced in its behalf, which showed conclusively that there was upon its part no negligence at all, the verdict for the defendant was demanded, and therefore should not be disturbed.

2. A juror's affidavit is incompetent to show any fact tending to impeach or invalidate his verdict.

*Judgment affirmed. All the Justices concurring, except Fish, J., disqualified.*

Argued April 17, — Decided May 20, 1897.

Action for damages. Before Judge Reese. Greene superior court. February term, 1896.

*J. B. Park Jr.*, and *Edward Young*, for plaintiff.

*Joseph B. & Bryan Cumming* and *H. T. Lewis*, for defendant.

---

## TUCKER v. EQUITABLE MORTGAGE COMPANY.

FISH, J. 1. This being an action upon a promissory note, brought by the payee against the maker, who at the time of signing it was a married woman, and the defense which she attempted to set up, viz., that she signed it under duress of her husband, not being proved, there was no error in directing a verdict for the plaintiff.

2. Save as to the point above indicated, no question of any material consequence is properly presented for adjudication in the present case.

*Judgment affirmed. All the Justices concurring.*

Argued April 17, — Decided May 20, 1897.

Complaint on notes. Before Judge Hart. Baldwin superior court. January term, 1896.

*D. B. Sanford, J. N. Gilmore, J. D. Howard* and *J. K. Hines*, for plaintiff in error.

*Payne & Tye* and *Whitfield & Allen*, contra.